IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARCADE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL ACOSTA, AMNESIA BAR LLC, d/b/a BARCADE, BARCADE LLC, and JBE MANAGEMENT, LLC,<br><br>Defendants. | Civil Action No.:<br><br>**VERIFIED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Barcade Holdings, LLC ("Plaintiff" or "Barcade"), by and through its undersigned attorneys, hereby files this Complaint against Defendants and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement and unfair competition stemming from the infringement and misappropriation of Barcade's federally registered trademarks in the name Barcade® by Defendants Amnesia Bar LLC, d/b/a Barcade, Barcade LLC, and their owner/operator, Emmanuel Acosta. Their unlawful infringement has persisted and continues to persist on one or more social media platforms (Facebook, TikTok, and/or Instagram) in connection with their "Barcade" bar and grill business for profit at 307 S. 17th Street, McAllen, Texas 78501.

2. Additionally, Defendants Amnesia Bar LLC, d/b/a Barcade, Barcade LLC, and their owner/operator, Emmanuel Acosta, are infringing on Plaintiff's exclusive trademarks in the name Barcade® by displaying physical signage on the exterior of the bar and grill building in McAllen, prominently displaying in bold black letters the name "BARCADE." This infringement is occurring with Defendants' knowledge of Plaintiff's trademarks and without regard to Plaintiff's

federally protected intellectual property rights. Defendants Amnesia Bar LLC, d/b/a Barcade and Emmanuel Acosta were recently given written notice of Plaintiffs' trademarks with a demand to cease and desist. They have completely ignored Plaintiff. As a result, this action is required to obtain all legal and equitable relief available to Plaintiff under applicable law.

3. Defendant JBE Management LLC, according to public records, is the property owner of the subject premises where the bar and grill does business at 307 S. 17th Street in McAllen and is named herein principally for purposes of injunctive relief, as it controls the subject property's use.

4. The infringing acts knowingly committed by Defendants damage Plaintiff's business and goodwill. Unless restrained by this Court, their actions will continue to damage Plaintiff. Preliminary and permanent injunctive relief is appropriate and warranted by state and federal law.

5. Monetary damages, including all profits earned by Defendants, are also appropriate under applicable law, together with Plaintiff's legal fees incurred and treble damages given Defendants' willful infringement.

## PARTIES

6. Plaintiff Barcade Holdings, LLC is a Delaware limited liability company with its principal place of business at 148 W. 24 St. New York, New York 10011. It is the exclusive owner of the intellectual property at issue under an assignment from Barcade, Inc. to Barcade Holdings, LLC on or about March 14, 2018. Such assignment was duly filed with the United States Patent and Trademark Office.

7. Upon information and belief, Defendant Emmanuel Acosta is an individual who owns, operates and controls the "Barcade" bar and restaurant business at 307 South 17th Street in

McAllen, Texas.  Upon information and belief, he resides at 2806 Melanie Dr, Pharr, Texas, 78577-6890.

8. Upon information and belief, Defendant Amnesia Bar LLC d/b/a Barcade is a Texas limited liability company formed on or about January 23, 2023 that does business at 307 S. 17th Street in McAllen and is owned and controlled by Emmanuel Acosta.

9. Upon information and belief, Emmanuel Acosta filed an assumed name certificate "Barcade" for Amnesia Bar LLC with the Hidalgo County Clerk's Office on or about November 9, 2023.  Upon information and belief, Defendant Emmanuel Acosta adopted Plaintiff's trademarked business name as his own.

10. Upon information and belief, Barcade LLC is a limited liability company formed on January 6, 2024 by Emmanuel Acosta and is related to and connected with Emmanuel Acosta's and Amnesia Bar LLC's bar business at 307 S. 17th Street, McAllen, Texas as co-owner or successor to Amnesia Bar LLC.

11. Upon information and belief, Defendant JBE Management, LLC is the fee owner of the property where Amnesia Bar LLC, Barcade LLC and Emmanuel Acosta operate the bar and restaurant at 307 S. 17th Street, McAllen Texas.  Upon information and belief, JBE Management LLC's address is 809 E. Ithaca Ave., McAllen, Texas 78501-8815.  It is joined herein as a Defendant in connection with Plaintiff's request for injunctive relief, as JBE Management controls and/or can control the activity at its property, including terminating any tenancy that promotes illegal trademark infringement.  It may also become liable to Plaintiff for damages if it allows the unlawful infringement to persist.

## JURISDICTION AND VENUE

12. This is an action for trademark infringement and unfair competition under 15 U.S.C. § 1051 *et seq.*

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as the action involves federal questions of law and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

14. This Court can exercise personal jurisdiction over Defendants as Defendants reside in this District, regularly conduct business in this District, and/or have a principal place of business in this District.

15. All or a substantial part of the events giving rise to this action have occurred and continue to occur in this District. As such, Defendants should reasonably expect that their activities might have consequences herein.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF'S INTELLECTUAL PROPERTY

17. Barcade is the owner and operator of entertainment establishments, namely arcade themed bars. Its arcade themed bars offer a typical array of bar services along with a variety of arcade games and operate using Plaintiff's BARCADE® mark. Barcade maintains the website https://barcade.com/ in connection with its services. The business largely caters to young adults for relaxation, social interaction, and arcade entertainment. It is a specialty entertainment businesses that lets patrons drink alcohol and play countless video arcade games, many dating from the 1980s. Many video and arcade games that Barcade has at its locations are no longer in circulation.

18. Plaintiff has properly adopted the BARCADE® mark for its bar, food, and unique arcade-related entertainment services.

19. As shown on Plaintiff's website, Barcade® is the Original Arcade Bar: a combination bar and arcade with a focus on classic arcade games and American craft beer. Plaintiff currently has nine locations in Michigan, New York, New Jersey, Pennsylvania, Connecticut, and California.

20. Barcade proudly uses its registered mark in all facets of its business, including prominently displaying it on its website. A copy of a screen shot of Barcade's homepage is below:



21. Plaintiff also has adopted the BARCADE® mark for its t-shirts, shirts and sweatshirts.

22. Plaintiff owns Registration No. 3401355, a Federal U.S. Registration on the Principal Register, for BARCADE® in connection with "bars; bar services; bar services featuring snacks" in International Class 43, which registered on March 25, 2008. Plaintiff first used this mark as early as October 13, 2004. A true copy of the trademark registration is annexed hereto as **Ex. A**.

23. Plaintiff owns Registration No. 3948949, a Federal U.S. Registration on the Principal Register, for BARCADE® in connection with "Hats; Shirts; Sports caps and hats; Sweat shirts; T-shirts" in International Class 25, which registered on April 19, 2011. Plaintiff first used this mark as early as October 31, 2005. A true copy of this trademark registration is annexed hereto as **Ex B**.

24. Plaintiff owns Registration No. 2994641, a Federal U.S. Registration on the Principal Register, for BARCADE.COM® in connection with an "Online Database for people to find locations that have Coin-operated Amusement Devices" in International Class 41, which registered on September 13, 2005. Plaintiff first used this mark as early as January 1, 2004. A true copy of this trademark registration is annexed hereto as **Ex. C**.

25. Plaintiff's trademarks have acquired incontestable status. Thus, the registrations for these marks is conclusive evidence of the validity of the BARCADE® marks filed under the provisions of 15 U.S.C. § 1065.

26. The above referenced BARCADE® marks are in full force and effect.

27. Plaintiff's BARCADE® marks are inherently distinctive and represent the Plaintiff's valuable goodwill.

28. Plaintiff's BARCADE® marks have become well-known throughout the general community of adults looking for an entertainment establishment featuring arcade games and alcohol. Through its use of the BARCADE® marks, Plaintiff has developed a positive reputation for its entertainment services and has been recognized as a leader and pioneer in the field of arcade themed entertainment establishments that combine bar services and numerous arcade games.

29. Plaintiff's name recognition extends across the world, particularly in North America and Europe, due to foreign travelers to the United States visiting Plaintiff's locations seeking entertainment and visits from persons to Plaintiff's website.

30. The market success of Plaintiff's bars offered under the BARCADE® mark has been significant, and the relevant public has come to rely upon and recognize Plaintiff's goods and services by its BARCADE® marks. As a result, the BARCADE® marks have generated substantial goodwill.

31. Plaintiff has defended its BARCADE® marks against infringers and potential infringers. Plaintiff has also filed opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks. On many occasions, Plaintiff has pursued third-parties using marks similar to the BARCADE® marks and compelled them by demand or legal action to discontinue use of such marks in several states, including in the Western District of Texas.

32. Plaintiff routinely searches for infringement of its marks through, among other things, various search tools on the internet.

33. Plaintiff routinely finds infringers due to a company advertising and promoting its business on a social media business page, such as Instagram or Facebook. By searching on the platforms' business pages for the name Barcade, Plaintiff is able to find and notify wrongdoers, and when needed, take legal action. Often, the issue is resolved swiftly.

## DEFENDANTS' UNLAWFUL CONDUCT

34. Upon information and belief, the Amnesia Bar LLC, d/b/a Barcade, owns, manages, and/or operates the business known in McAllen as "Barcade" and has done so continuously since sometime in or about 2024.

35. Upon information and belief, in addition to Amnesia Bar LLC, Emmanuel Acosta also caused the entity Barcade LLC to be formed with the Secretary of State of Texas, to presumably have a role in his bar and grill restaurant as co-owner or successor to Amnesia Bar LLC.

36. Defendants' advertisement of the bar on Facebook is unusually clandestine. Upon information and belief, Defendants have never promoted the Barcade business in McAllen on a business page on Facebook. Instead, its postings are done on a *personal* page of either Emmanel Acosta or other individual connected to the business. Upon information and belief, a business page on Facebook is designed to represent a business and allows consumers to search for the businesses and its goods and services. A business page, therefore, is used for commercial purposes to attract and maintain business. By contrast, a personal page or profile is intended for individual non-commercial use, such as connecting with friends or sharing pictures with search functionality limited to the individual person's name.

37. On one such personal Facebook page, Defendants are promoting their infringing activities alongside adult-oriented, explicit content.[1] This unauthorized use of Plaintiff's BARCADE® mark harms the reputation and goodwill Plaintiff has built as a professionally operated entertainment venue.

38. Defendants promote their infringing business on Instagram using the handle "@barcade.mcallen," which is formatted like an individual's first and last name rather than a business account. Instagram does not allow users to conduct comprehensive searches for all profiles that include a particular term—such as "Barcade"—in the account name or to identify accounts that have recently posted content using that term. As a result, where infringing use occurs

---

[1] https://www.facebook.com/profile.php?id=61577183860329.

on Instagram, it remains difficult to detect unless the precise username or profile is already known in advance.

39. There is also no website for any Barcade bar in McAllen, Texas.

40. A single post was made by an individual on a business page in late June 2025 making reference to the Defendants' "Barcade" operation. It was only then, on or about June 20, 2025, that Plaintiff's employee, who oversees detecting possible infringement, first learned of Defendants' infringement by its use of the name "Barcade" for Defendants' bar in McAllen.

41. Plaintiff then instructed its attorneys in New York, Porzio Bromberg & Newman, PC, to promptly send a letter to Defendants demanding Defendants cease and desist the infringement. The letter, dated June 23, 2025, was sent by overnight mail with attached screenshots from social media platforms evidencing the use of the BARCADE name on the building, on cups, and throughout the inside of Defendants' business. A true copy of the June 23, 2025 letter with attachments is attached as **Ex. D**.

42. Plaintiff's June 23, 2025 letter was sent via Federal Express and delivered at Defendants' address at 307 S. 17th Street in McAllen on June 27, 2025. However, it was inexplicably returned to the Porzio law office days later for reasons unknown. The letter was then immediately re-sent by the Porzio law office by regular and priority mail, delivery being confirmed to the Defendants' address on July 18 and July 19. Out of additional caution, that letter was then personally delivered to Defendants on July 19, 2025 at their address at 307 South 19th Street and accepted by a manager on duty that evening.

43. To date, the June 23, 2025 cease and desist letter has been completely ignored.

44. Plaintiff has notified Defendants about the BARCADE® trademarks and requested they discontinue all use.

9

45. A photograph was recently taken on July 19 at the Defendants' business location showing the façade of the building that houses Defendants' bar and grill operation. The building still shows the sign "BARCADE." A true copy of the photograph is attached as **Ex. E**.



46. The infringement on social media posts still continues as well and the signage at the Defendants' establishment remains as of the date hereof.

47. Despite written communication having been given to Defendants putting them on notice of their infringement, they continue to willfully and knowingly infringe on Plaintiff's trademarks.

48. By using the identical trademark BARCADE® in the promotion and advertisement of the Defendants' bar business, Defendants are creating a likelihood of confusion among consumers causing them to falsely believe that their business is sponsored, endorsed by, or affiliated with Plaintiff. No such sponsorship, endorsement or affiliation exists.

49. Upon information and belief, Defendants have done nothing to correct, address, or remedy the ongoing piracy and infringement described above.

50. Defendants' use of Plaintiff's trademarks are likely to cause confusion given the use of the same name trademarked by Plaintiff. Defendants are trading off the goodwill established by Plaintiff and permits Defendants to benefit and profit from that goodwill.

51. Defendants are being unjustly enriched at Plaintiff's expense by using Plaintiff's trademarks without authorization and in defiance of Plaintiff's cease and desist demand.

52. Unless restrained by this Court, Defendants will continue to cause Plaintiff irreparable harm. Injunctive relief is both proper and necessary given Defendants' illegal conduct.

## COUNT I
## TRADEMARK INFRINGEMENT

53. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

54. Plaintiff's U.S. Federal Registration No. 3401355 for BARCADE® is evidence of Plaintiff's exclusive right to use the BARCADE® mark in connection with "bars; bar services; bar services featuring snacks." 15 U.S.C. § 1115.

55. Plaintiff's U.S. Federal Registration No. 3401355 for BARCADE® has acquired incontestable status. Thus, this registration is conclusive evidence of the validity of this mark, which was filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

56. Plaintiff's U.S. Federal Registration No. 2994641 for BARCADE.COM® is evidence of Plaintiff's exclusive right to use the BARCADE.COM® mark in connection with an "Online Database for people to find locations that have Coin-operated Amusement Devices." 15 U.S.C. § 1115.

57. Plaintiff's U.S. Federal Registration No. 3948949 for BARCADE® is evidence of Plaintiff's exclusive right to use the BARCADE® mark in connection with "… shirts… sweat shirts; t-shirts." 15 U.S.C. § 1115.

58. Plaintiff's U.S. Federal Registration No. 3948949 for BARCADE® has acquired incontestable status. Thus, this registration is conclusive evidence of the validity of this mark, which was filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

59. Plaintiff's trademarks are inherently distinctive.

60. Upon information and belief, the bar and grill services being promoted, advertised, and/or offered by Defendants in connection with the "Barcade" name designation (the "Infringing Services") are substantially similar to the restaurant, gaming, and bar services offered by Plaintiff. In connection with the Infringing Services, Defendants are using the Barcade name in a confusingly similar manner to Plaintiff's BARCADE® marks. In fact, the name used by Defendants to operate their business is not similar but identical to Plaintiff's trademarks.

61. Plaintiff's bar, restaurant and entertainment services and Defendants' Infringing Services are offered in the same channels of trade and are directed to the same or similar clients, i.e., largely young adults.

62. Defendants' use of the Barcade name designation is likely to cause confusion or mistake or to deception, as to the source, affiliation or sponsorship of Plaintiff's BARCADE®

marks in connection with Plaintiff's bars, services, food, and game entertainment in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-1118.

63. The Infringing Services are likely to cause confusion to the source of the specific goods Plaintiff sells using its registered trademarks.

64. The Defendants' activities constitute willful and intentional infringement of Plaintiff's federally registered BARCADE® marks, in derogation of Plaintiff's rights in violation of 15 U.S.C. §§ 1114 and 1117. Acts of infringement have continued despite Defendants' knowledge that the use of Plaintiff's BARCADE® marks (or substantially similar variations thereof) was and is in contravention of Plaintiff's rights.

65. Plaintiff has not given Defendants consent, directly or indirectly, to use the BARCADE® marks (or any mark similar thereto). Defendants' Infringing Services has caused and, if not enjoined, will continue to cause irreparable damage to the Plaintiff's rights in its business, reputation, and goodwill.

66. Defendants are each knowingly infringing on Plaintiff's intellectual property rights, or at minimum, engaging in contributory infringement. Therefore, Defendant are jointly and severally liable for their infringing conduct and for all money damages awarded to Plaintiff as authorized by law. Each of the Defendants oversees, controls, participates in, and/or directs the Infringing Services.

67. Plaintiff's damages from the aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

68. In addition to compensatory damages, Plaintiff seeks attorney's fees and costs given Defendants' failure to do any diligence when adopting Plaintiff's trademarked business name as their own and taking measures to register the business "Barcade LLC" in the state of

Texas on or about January 6, 2024. Attorneys' fees and costs should be awarded to Plaintiff due to Defendants' willful misconduct in deliberately ignoring Plaintiff's communications about its protected property rights to the Barcade tradename and marks.

69. Plaintiff also seeks treble damages given Defendants' willful misconduct.

70. Injunctive relief is fully warranted under applicable law against all Defendants given their unlawful actions taken and which continue in violation of Plaintiff's intellectual property rights.

## COUNT II
## FEDERAL UNFAIR COMPETITION

71. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

72. Plaintiff's BARCADE® marks are distinctive.

73. Decades after Plaintiff's adoption and use of its BARCADE® mark in connection with bars; bar services; food, gaming, and with actual and/or constructive notice thereof, Defendants began using the Barcade designation in connection with a bar and restaurant in McAllen.

74. Plaintiff has not given Defendants its consent, directly or indirectly, to use the BARCADE® mark, including the term Barcade, or any similar mark or name.

75. Defendants' activities are likely to cause confusion, or to cause mistake, or deception, causing great harm to Plaintiff's reputation and goodwill.

76. Defendants have unfairly competed with Plaintiff's distinctive BARCADE® marks in interstate commerce and in this district by various acts, including marketing, offering for sale, and selling the Infringing Services under the Barcade name. This unauthorized use by Defendants

constitutes unfair competition to the substantial and irreparable injury of the public and of Plaintiff's mark, business reputation, and goodwill. 15 U.S.C. § 1125.

77. Defendants' actions set forth herein constitute willful and intentional tort, in derogation of Plaintiff's rights. Acts of unfair competition commenced and have continued in spite of Defendants' knowledge that the use of Plaintiff's BARCADE® marks or substantially similar variations thereof was and is in contravention of Plaintiff's rights.

78. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its marks and in its business, reputation, and goodwill.

79. Defendants Amnesia Bar LLC and Emmanuel Acosta are jointly and severally liable for their unfair competition. In particular, they have each personally overseen, controlled, participated in, and/or directed the Infringing services to engage in the unfair competition.

80. Plaintiff's damages from the aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

81. Plaintiff seeks attorney's fees and costs given the willful misconduct set forth.

82. Plaintiff seeks treble damages as authorized by law.

83. Plaintiff seeks injunctive relief against all Defendants to enjoin the infringement at issue, as they control the use of the subject real property.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW

84. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

85. Plaintiff owns valid trademarks with the Barcade name.

86. Defendants have used and continue using Plaintiff's trademarks without permission.

87. Defendants' use of Plaintiff's distinctive marks is likely to cause confusion among consumers as to the sponsorship or endorsement by Plaintiff of Defendants' business in McAllen.

88. Plaintiff seeks all legal and equitable relief as permitted under state law, including compensatory damages, profits, punitive damages, and injunctive relief as authorized by law.

## COUNT IV
## UNFAIR COMPETITION UNDER TEXAS COMMON LAW

89. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

90. Defendants are engaged in unfair and/or deceptive conduct that are detrimental to Plaintiff's commercial interests.

91. Plaintiff seeks all legal and equitable relief as permitted under state law, including compensatory damages, profits, punitive damages, and injunctive relief as authorized by law.

## DEMAND FOR JURY TRIAL

92. Plaintiff demands a trial by jury on all triable issues of fact.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief against Defendant as follows:

1. That the Court preliminarily and permanently enjoin and restrain Defendants, their officers, directors, agents, employees and all persons in active concert or participation with Defendants who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, contributing to, inducing or abetting any of the following:

  (a) infringing or contributing to the infringement of Plaintiff's BARCADE® marks;

  (b) engaging in any acts or activities directly or indirectly calculated to infringe Plaintiff's BARCADE® marks;

  (c) using the term Barcade (or any substantially similar variation thereof) in connection with selling, offering for sale, promoting, advertising, marketing or distributing Defendants' products or services, including but not limited to using Barcade on signage, banners, advertisements, marketing materials, social media accounts, goods such as cups or napkins, or in Defendants' domain names.

  (d) using any configuration or design that is confusingly similar to Plaintiff's BARCADE® marks; and

  (e) otherwise competing unfairly with Plaintiff in any manner whatsoever.

2. That the Court compel Defendants to take all steps needed to delist its "BARCADE LLC" name with the Secretary of State in Texas and cause the removal and deletion of all filings, including assumed name filings, with the Hildago County Clerk, bearing the word Barcade.

3. That the Court declare Defendants are infringing upon Plaintiff's BARCADE® marks and are competing unfairly with Plaintiff.

4. That the Court Order Defendants to take down and destroy web site materials, literature, brochures, packaging, signs, promotional materials, advertisements and any other material in their possession or control that contain Plaintiff's BARCADE marks (or similar variations thereof).

5. That the Court Order Defendants to account for and pay Plaintiff all money damages to which Plaintiff is entitled under applicable state and federal law as a consequence of the infringement of Plaintiff's BARCADE® marks as authorized by law.

6. That the Court Order Defendants to account for and to pay over to Plaintiff all profits that Defendants made during the period of infringement.

7. That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

8. That the Court award Plaintiff its compensatory, incidental, and consequential damages.

9. That the Court award Plaintiff enhanced, treble, and/or punitive damages.

10. That the Court award Plaintiff its reasonable attorney's fees and the costs of this action, given the willful, inexcusable, and prolonged infringement of Plaintiff's intellectual property even after Defendants were on notice of their infringement and Plaintiff's demand it cease.

11. That the Court enter judgment against the Defendants Acosta and Amnesia Bar LLC, jointly and severally, making them liable for any and all monetary relief awarded.

12. That the Court grant Plaintiff such other relief as is just and proper.

Dated: August 1, 2025.

                Respectfully submitted,

                By: */s/ Sarah J. Ring*
                Sarah J. Ring
                *Attorney-in-Charge*
                Texas Bar No. 24056213
                SDTX ID 680173
                Elliott J. Deese
                Texas Bar No. 24121423
                SDTX ID 3723396
                **PORTER HEDGES LLP**
                1000 Main Street, 36th Floor
                Houston, Texas 77002
                T: (713) 226-6654
                F: (713) 226-6254
                sring@porterhedges.com
                edeese@porterhedges.com

                Gary M. Fellner
                NY Bar No. 2466464
                *Pro-Hac Vice Forthcoming*
                **PORZIO, BROMBERG & NEWMAN, P.C.**
                1675 Broadway, Suite 1810
                New York, NY 10019
                Tel: 646-348-6720
                gmfellner@pbnlaw.com

                *Attorneys for Plaintiff*

## **VERIFICATION**

I, Paul Kermizian, am the chief executive officer of Barcade Holdings LLC. I declare pursuant to 28 U.S.C. § 1746 under penalty of perjury and the laws of the United States that the foregoing allegations in the Verified Complaint herein are true and correct to the best of my knowledge and belief.

_____
PAUL KERMIZIAN

8239717